**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ANTHONY CALIVA,**

               **Plaintiff,**

**-vs-**                                                  **Case No. 6:09-cv-1340-Orl-31DAB**

**METZ & ASSOCIATES, LTD., JOHN METZ,**

               **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **JOINT MOTION TO DISMISS (Doc. No. 20)**
>
> **FILED:**       **October 12, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 22)**
>
> **FILED:**       **October 26, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED, without prejudice**.

       By previous Order in this Fair Labor Standards Act ("FLSA") case, the Court deferred approval of the settlement, noting:

> The Complaint provides no detail about the amount of Plaintiff's claim, no Interrogatories have been filed setting forth the claim, and there is no evidentiary support or explanation to justify the amount of attorney's fees and costs sought. Absent such basic information, the Court cannot opine as to whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

(Doc. No. 21). The parties were directed to make a supplemental filing "setting forth an evidentiary basis for the relief sought, including detailed information as to the claim for fees and costs, as well as the reason for the compromise (if, in fact, Plaintiff's claim was compromised)." *Id.* The instant joint motion purports to provide that basis. Unfortunately, it does not.

The Court requested *evidence*, including *detailed* information with respect to the claim for fees and costs. While the papers set forth some detail with respect to the amount of the claim and the reasons for the compromise, there is no evidence or detailed information with respect to the amount of attorney's fees. Indeed, the sole information provided as to fees reads as follows:

> The attorneys' fees being paid by Defendant under the parties' settlement are in full satisfaction of all attorneys' fees owed by Plaintiff to his Counsel, and in this regard, Plaintiff's Counsel is receiving $3,350.00 in attorneys' fees as part of the compromise reached by the parties, despite the total fee time spent by Plaintiff's Counsel exceeding $4,000.00. Plaintiff's Counsel is accepting the sum of $3,350.00 in full satisfaction of all attorneys' fees in this case, such that Plaintiff shall have no further obligation to Plaintiff's Counsel for any attorneys' fees.

(Doc. No. 24 at 3). The Motion and the proposed settlement do not reflect that the amount to be paid to Plaintiff's counsel was determined independently from the amount paid to Plaintiff. Thus, the reasonableness of the settlement cannot be approved on its face but must be carefully scrutinized using the lodestar approach. *See Bonetti v. Embarq Mgmt. Co.,* Case No. 06:07-CV-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009) (providing for expedited FLSA settlement approval). Here, Counsel provides no itemization of the number of hours included in the purported $4,000 plus in attorney time, nor is there any indication as to counsel's hourly rate. On the face of the docket, there

is nothing to justify that amount. The Complaint was filed on August 5 and the notice of settlement was filed September 23, 2009, with no hearings, discovery or other significant matters of record occurring in the interim. The Court assumes the parties negotiated the settlement which would take up some time, but absent any evidence as to the amount of hours and the rate, the Court cannot perform the required review.

It is therefore **respectfully recommended** that the motion to dismiss be **denied, as moot,** and the Joint Motion for Approval of Settlement be **denied, without prejudice.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 17, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy