# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANTHONY CALIVA,**

        **Plaintiff,**

**-vs-**                                      **Case No. 6:09-cv-1340-Orl-31DAB**

**METZ & ASSOCIATES, LTD., JOHN METZ,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **RENEWED JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT (Doc. No. 25)**
>
> **FILED:**      **December 7, 2009**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

At issue is review of the settlement agreement in this Fair Labor Standards Act case. In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private

action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

According to the papers filed, "Plaintiff was employed by Defendants as a sous chef between August 2008 and January 2009, and was paid at an hourly rate and compensated properly at time and one half his regular rate of pay during this time period. However, Plaintiff was promoted to Culinary Supervisor in or around January of 2009, and between approximately January of 2009 and June 2009, Defendants paid Plaintiff average salaried wages of approximately $576.90/week. Plaintiff claims to have regularly worked an average of forty-six (46) hours/week, such that based upon Plaintiff allegedly being owed half-time wages at the rate of approximately $6.27/hour [$576.90/week divided by 46 hours/week = $12.54/hour regular rate/2 = $6.27/hour half-time], Plaintiff's unpaid overtime wages for this period would total approximately $752.40 [$6.27/hour x 6 OT hours/week x 20 weeks]. Although Defendant denies that Plaintiff is entitled to any additional compensation (claiming that Plaintiff is an exempt employee, and alternatively, was paid all overtime hours

-2-

worked), in view of the uncertainties inherent in litigation, the parties have agreed to settle the claim for $500 in unpaid wages; $500 in liquidated damages; and $3,350 in satisfaction of all of Plaintiff's attorney's fees and costs (Doc. No. 25-2).

While the amount Plaintiff is to receive is less than originally claimed, in view of the proof issues and the defenses raised, the Court finds the compromise to be a reasonable resolution of a bona fide FLSA dispute. As for attorney's fees, counsel has presented his time records and notes that the settlement offered is less than the actual time and costs spent on the case. The parties represent that the amount is fair and reasonable, and the Court agrees. As such, it is **recommended** that the amount be approved, provided that no part of Plaintiff's recovery be used to augment the fee allowance. *See Silva v. Miller,* 2009 WL 73164 (11th Cir. 2009) (unpublished).

It is therefore **respectfully recommended** that the motion be **granted,** the settlement as outline above be **approved,** and the case be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 16, 2009.

*David A. Baker*
　　　　　　　　　　DAVID A. BAKER
　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy